THE LONG-BELL LUMBER COMPANY AND J. P. ARCHER
v. GEO. T. WEBB AND W. P. DILLSWORTH, *Part-
ners.*

### No. 261.

1. PLEADING—*Defective Allegations—Evidence.*   Defective alle-
gations in a pleading are held in this case to have been cured by
the admission of testimony, which was merely irrelevant under
such pleading, where the admission of such testimony was not
objected to nor the pleading attacked in the trial court.

2. EXCEPTION TO INSTRUCTION— *Waived, When.*   Where the rec-
ord showed that a party excepted to one of the instructions given
by the trial court, and that no exception was taken when the in-
struction was afterwards repeated in substance, *held,* that the
error, if any, in giving such instruction was waived.

Error from Cherokee district court; J. D. McCue,
judge.    Opinion filed February 15, 1898.    Affirmed.

In this case the Geo. T. Webb Grocery Company sued
James P. Archer and the Long-Bell Lumber Company
to recover damages for the alleged conversion of per-
sonal property.    Other defendants were joined, under
an allegation that they claimed some interest in the
property converted and in the proceeds thereof.    The
petition alleged that one Mears and his wife had, on
April 8, 1891, executed and delivered to plaintiff a
chattel mortgage to secure the payment of a promis-
sory note in the sum of $264.68 due one day after that
date, the mortgage covering goods, wares, merchan-

dise and restaurant fixtures and supplies owned and kept by Mears in the city of Columbus. It was also alleged that no part of the debt had been paid at the date of commencing this action, and that the defendants, Archer and the lumber company, had unlawfully seized and converted the said property to their own use. It did not allege that the plaintiff was entitled to the immediate possession of the property, and the only allegation of ownership was that on and after the filing of the chattel mortgage of record, on April 9, 1891, plaintiff became the owner of the mortgaged property.

The lumber company and Archer, in their answer, in addition to a general denial, averred that Archer had taken the property in the capacity of constable by virtue of an execution under judgment in favor of the lumber company and against Mears for rent of the premises occupied by him in the restaurant business. They further averred that they had the right to take, and did take possession of the chattels by virtue of the provisions of the lease under which Mears was let into possession of the restaurant building, a clause of the lease being practically equivalent to a chattel mortgage upon all of the personal property in the building. It was also averred that the lease was duly recorded in the book of leases, prior to the execution of any of the chattel mortgages set up in this case, in the office of the register of deeds of Cherokee county, and that Archer acted under both the lease and the execution in seizing and selling the property. On the trial, it was agreed that the action should be considered as being between the grocery company on the one hand and the lumber compay and Archer on the other, and if judgment should be rendered against the two parties last named, it should be for the entire amount to which the plaintiff and the other defend-

ants, who also held chattel mortgages against the property, should be adjudged to be entitled.

*W. R. Cowley*, for plaintiffs in error.

*John Wiswell*, and *Anderson & Henderson*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. : Many of the questions raised by counsel for plaintiff in error in his brief were not presented in the trial court. The petition is said to be fatally defective by reason of the omission of an allegation that the plaintiff was entitled to the immediate possession of the property. We must hold, as against the objection, now made for the first time, that the petition does allege plaintiff's right to immediate possession ; for the mortgage, which is made a part of the petition, contains a clause under which the plaintiff could have taken possession of the property at any time after the maturity of the note secured by the mortgage. The same is true of the answers, in the nature of cross petitions, filed by the other mortgagees. But we find that several of these answers are wanting in an allegation that the debt secured by the chattel mortgage described therein is unpaid. This omission might be regarded as a fatal defect in each of these pleadings except for the fact that the proof showed that Mears had paid no part of the debts in question. The same is true in respect to the matter of possession by Mears, as agent for the mortgagees. Evidence tending to prove such possession was introduced and received without objection. While it was clearly irrelevant, as the pleadings contain no allegation of that character, it is now too late to complain of its admission. The instructions of the trial court presented the law covering

every phase of the controversy with unusual clearness. They referred specifically to the matters we have just considered. The only exception taken to any part of them by plaintiffs in error was to one paragraph concerning the question whether the lumber company relied on the lease or the execution as authorizing the seizure and sale of the goods. It thus appears that the issues before the jury were precisely the same as if the pleadings had been regular and complete.

As to the instruction to which exception was taken by plaintiffs in error, we observe that it was subsequently in substance repeated, and no exception was noted. Thus the error, if any, seems to have been waived. The question of the good faith of the parties with respect to the chattel mortgages, and all other questions upon the facts, were fairly submitted to the jury. Its verdict has received the approval of the trial court. We perceive a number of irregularities and defects in the proceedings, but practically all of them have been waived by the plaintiffs in error. Those not so waived are not of sufficient importance to cause a reversal of the judgment, or even to require special mention here. The judgment of the district court is affirmed.